R. B. ENGLISH et al., Appellants,

v.

SMITH FOOD STORES, Inc., et al., Appellees.

No. 15716.

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1956.

Rehearing Denied May 11, 1956.

 

J. B. Sallas, Crockett, for appellants.

Adams & Price and Tod R. Adams, Crockett, for appellees, Smith Food Stores, Inc. and Childs Properties, Inc.

Kennedy & Granberry, and F. P. Granberry, Crockett, for appellees, Tom M. Moore and New Amsterdam Casualty Company.

RENFRO, Justice.

This case originated in the Justice Court. Upon appeal to the County Court, summary judgment was entered for the plaintiff, from which this appeal was taken.

Plaintiff, Smith Food Stores, Inc., alleged it issued its check, drawn on First National Bank, Jacksonville, Texas, "and payable to the Tax Assessor and Collector, Houston County, Texas, R. B. English in the sum of $329.70, being the total of taxes due the State and County of Houston less 3% discount ($147.83) and taxes due the Crockett Independent School District less 3% discount ($181.87)"; that the defendant English endorsed the check, applied $147.83 to State and County taxes for 1953 and converted $181.87 to his own use.

In the alternative, plaintiff alleged that defendant English paid over and delivered to defendant Tom M. Moore, as Tax Collector and Assessor of the Crockett Independent School District, the sum of $181.87 for 1953 taxes, that the defendant Moore failed to apply such payment to plaintiff's taxes, and prayed for judgment against defendant Moore.

Plaintiff filed a motion for summary judgment against English.

The defendant Moore filed a motion for summary judgment, in which he claimed that neither defendant English nor any other person ever paid the disputed $181.87 to the Crockett Independent School District.

The defendant English moved for a summary judgment, in which he denied that he converted the $181.87 to his own use and swore that on or about the 30th of October,

1953, one of the employees in his office notified defendant Moore, Collector of taxes for the Crockett Independent School District, that his office was then holding the sum of $181.87 for, said School District. That within a short period of time thereafter the defendant Moore came to the office of the defendant English and an employee of defendant English handed defendant Tom Moore said sum of $181.87 and that Moore left the office with that amount.

Defendant Moore filed a reply motion to the plaintiff's motion and the defendant English's motion, consisting principally of exceptions, and alleged neither of the opposing parties had supported their motions with any facts showing that the disputed money was ever delivered to the defendant Moore.

Plaintiff filed separate replies to the defendants' motions for summary judgment, in which it stated that it was not in possession of facts sufficient to present by affidavit its opposition to such motions.

There were other parties to the suit and to the appeal, but for the purpose of this opinion it is not necessary to name them.

The trial court entered judgment on the pleadings, motions and affidavits; hence, there is no statement of facts. Plaintiff was allowed judgment against defendant English and denied judgment against Moore.

Defendant English has appealed from the judgment rendered against him in favor of plaintiff and the plaintiff has appealed from that portion of the judgment denying it a judgment against the defendant Moore.

■ The duty of the court hearing a motion for summary judgment is to determine if there are any issues of fact to be tried and not to weigh the evidence or determine its credibility. The court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of every reasonable inference which properly can be drawn in favor of his opposition.

The check sent to defendant English was the exact amount of the State, County and School District taxes. It is evident that plaintiff had learned from some source the amount of such taxes. For the purpose of determining whether or not the court properly rendered summary judgment for the plaintiff, we must assume that the plaintiff knew that there was a separate taxing unit for the School District. The record does not reflect any letter of transmittal or direction accompanying the check. The check itself does not specify what taxes it is intended to pay. It is not reasonable to assume that the plaintiff intended for defendant English to cash the check, apply $147.83 to State and County taxes and return the balance to the plaintiff. It is reasonable to assume that plaintiff intended for defendant English to deliver the $181.87 to the Collector for the Crockett Independent School District. Incidentally, after learning that the $181.87 in question was not applied by the School District Collector to the payment of plaintiff's school taxes, plaintiff sent another check for the amount of the school taxes, payable to the defendant English, which check was endorsed and delivered by the defendant English to defendant Moore and properly entered on the defendant Moore's books. If it was the purpose of the plaintiff that English deliver the disputed $181.87 to Moore, then for the purpose of considering the propriety of the summary judgment we must assume that English did deliver it to Moore, for he swore that he did. Moore swore that it was not delivered to him by the defendant English. The plaintiff swore that it did not know whether or not said money was delivered by defendant English to the defendant Moore. This court cannot say whether or not it was so delivered.

■ When the trial court proceeds to hear a motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, he is to determine from what is then before him whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment.

It is our opinion the pleadings, motions and affidavits before the trial court presented a genuine issue of fact as to whether or not the defendant English delivered the $181.87 to the defendant Moore in behalf of the plaintiff, and the court erred in rendering summary judgment.

The judgment of the trial court rendering summary judgment for plaintiff against defendant English and his sureties and rendering judgment for defendant Moore is reversed and the cause remanded to the trial court for a trial on its merits.